

# Fourth Court of Appeals
## San Antonio, Texas

August 19, 2021

No. 04-21-00240-CV

**INTEREST OF C.H., J.H., E.H., I.B.H., AND I.A.H.**

From the 112th Judicial District Court, Sutton County, Texas
Trial Court No. CV06287
Honorable Pedro (Pete) Gomez Jr., Judge Presiding

# O R D E R

This is an accelerated appeal from the trial court's final order terminating Appellant R.H.'s parental rights. Appellant R.H.'s court-appointed appellate counsel has filed a brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues to raise on appeal. *see In re R.R.*, No. 04-03-00096-CV, 2003 WL 21157944 (Tex. App.—San Antonio May 21, 2003, order) (holding *Anders* procedures apply to appeals from orders terminating parental rights), *disp. on merits*, 2003 WL 22080522 (Tex. App.—San Antonio Sept. 10, 2003, no pet.) (mem. op.).

When counsel "cannot, in good faith, advance any arguable grounds of error," counsel's *Anders* brief must "contain a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced." *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). The brief must refer the court to anything in the record that might arguably support the appeal; discuss the evidence adduced at trial; supply the court with ready references to the record; and supply the court with appropriate citations to legal authorities. *Id.* at 812-13. The *Anders* brief must "demonstrate that counsel has conscientiously examined the record and determined that the appeal is so frivolous that the appellant is not entitled to counsel on appeal." *Nichols v. State*, 954 S.W.2d 83, 85 (Tex. App.—San Antonio 1997, order). "In other words, counsel should present, along with a statement of the strongest possible arguments for the contentions, a brief explanation of the contrary authority that led counsel to conclude that the contentions were frivolous." *In re N.F.M.*, 582 S.W.3d 539, 542 (Tex. App.—San Antonio 2018), *disp. on merits*, 2019 WL 1049247 (Tex. App.—San Antonio Mar. 6, 2019, pet. denied).

The brief filed by appointed counsel on behalf of R.H. does not meet these requirements. Specifically, the brief does not contain any citations to the reporter's record; it does not recite or discuss any of the evidence presented at trial; and it does not contain any legal analysis. *See* TEX. R. APP. P. 38.1. In sum, the brief does not contain a professional evaluation of the record and

does not demonstrate there are no arguable grounds for appeal. *See In re N.F.M.*, 582 S.W.3d at 542.

Additionally, counsel's brief does not certify that he sent Appellant R.H. a copy of the brief and a letter informing her of her right to review the record and file her own brief. Nor does counsel state that he provided appellant with a form to use to request access to the record. *See Kelly v. State*, 436 S.W.3d 313, 320 (Tex. Crim. App. 2014); *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016).

We therefore STRIKE counsel's *Anders* brief and order appellant's brief redrawn. We ORDER the redrawn brief due **September 3, 2021**. We further ORDER counsel to notify appellant that the *Anders* brief has been stricken and there is no current deadline for filing a pro se brief.

_____
Liza A. Rodriguez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 19th day of August, 2021.

_____
Michael A. Cruz,
Clerk of Court